UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICKEY L. ROBEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 1:14-cv-0008-JMS-DKL |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Rickey L. Robey for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

## I. The Petition for a Writ of Habeas Corpus

### A. Discussion

Mr. Robey's habeas petition is before the Court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*. Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge shall dismiss the petition…." *Id.*

In 1987, Mr. Robey was convicted of Class A felony rape, Class A felony criminal deviate conduct, and three counts of Class A felony kidnapping in Marion Superior Court. Mr. Robey was informed in the Entry of March 4, 2014, that his petition for writ of habeas corpus challenging his 1987 conviction appeared to be barred by the one-year statute of limitations. 28 U.S.C. § 2244(d)(1), (d)(2). He was given an opportunity to show cause why the action should not be dismissed as untimely.

The trial court sentenced Mr. Robey to an aggregate term of 100 years. Mr. Robey appealed to the Indiana Supreme Court. The Supreme Court affirmed Mr. Robey's convictions, but it remanded his case to the trial court "for the entry of individual, specific findings supporting the imposition of enhanced sentences or, in the alternative, for the reduction of the sentences to the standard sentences provided for by statute." *Robey v. State*, 555 N.E.2d 145, 152 (Ind. June 12, 1990). On resentencing, the trial court imposed an aggregate term of 80 years, which was affirmed by the Indiana Court of Appeals. *Robey v. State,* 737 N.E.2d 1245 (Ind. Ct. App. Nov. 9, 2000) (unpublished).[1]

Mr. Robey was informed in the Entry of March 4, 2014, that his convictions became final prior to April 23, 1996, the effective date of the Anti-terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. 2244(d)(1) ("AEDPA"). A one-year grace period applies to petitioners whose convictions were final prior to the effective date of the AEDPA. *Araujo v. Chandler*, 435 NF.3d 678, 680 (7th Cir. 2005). Mr. Robey therefore had until April 24, 1997, to file his petition for a writ of habeas corpus. *Id.*

Mr. Robey has responded to the order to show cause by asserting that he was unaware of the one-year statute of limitations. He asserts that the attorney who represented him in 1987 never informed him of the one-year limitation to proceed in federal court. This makes sense because in 1987 there was no one-year statute of limitations. The AEDPA statute of limitations was enacted in 1996.

Mr. Robey's contention that he was unaware of the statute of limitations, however, cannot compel the action to move forward. Equitable tolling may, under narrow circumstances, allow a

---

[1] Mr. Robey's petition for post-conviction relief was filed in 2001 and denied in 2004. The Indiana Court of Appeals affirmed. *Robey v. State,* 824 N.E.2d 452 (Mar. 17, 2005) (unpublished).

late petition, but it does not apply in this case. "While the one-year habeas statute of limitations may be subject to equitable tolling, such relief is available only where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own." *Arrieta v. Battaglia,* 461 F.3d 861, 867 (7th Cir. 2006). "Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Id.*; *see also Davis v. Humphreys*, 747 F3d 497, 500 (7th Cir. 2014) ("it is established that prisoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling.").

## B. Conclusion

Mr. Robey's habeas petition is barred by the one-year statute of limitations of the AEDPA. He has not shown any basis for finding that his petition was timely filed. His petition for a writ of habeas corpus [dkt. 1] shows on its face that he is not entitled to the relief he seeks. The petition is therefore **denied**.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Robey has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: December 23, 2014

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Rickey Robey
No. 874281
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064